CARMEN MARÍA GARCÍA DE QUEVEDO, Appellant, v. THE REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 1260. Submitted April 3, 1950.—Decided April 10, 1950.

188

*C. Domínguez Rubio, Antonio M. Bird* and *José Vila Ruiz,* for appellant. The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In public deed No. 86 executed in San Juan on July 12, 1949, before Notary José Vila Ruiz, the executing party Carmen María García de Quevedo stated that she is owner in fee simple of a lot situated in the place known as Bayola, Santurce, having an area of 910 square meters; that a lot of 361.72 square meters, which was recorded in favor of Ana María Landrón Becerra, was segregated therefrom, and also a portion of 82.95 square meters, which, after it was grouped with another property already registered was recorded as property No. 7263; that she commissioned surveyor Juan Pacheco Tavárez, to make a survey of the remaining portion of the original property, after excluding the two above-mentioned segregations and summoning the adjoining landowners; that said survey was carried out strictly complying with the

instructions; that a plat of the said remaining portion was made and that said survey showed that the true area of the remaining portion was 722.95 square meters; that she accompanied and attached to said deed the certificate of survey issued by above surveyor, as well as a copy of the plat made; and that she requested the registrar to proceed to enter in the books under his charge the correction in the area of the above property, and to record in her favor the excess.

Upon presenting the foregoing deed to the registrar, he refused to record the same as appears from the following notation:

"This document has been recorded at the margin of the 16th inscription of property 2864 at the reverse of page 195 of Vol. 86 of North Santurce, but only as to the area of 558.39 square meters with which the remaining portion described herein appears in the registry plus 20% of its area in accordance with the survey made, and denied as to the excess of 164.56 square meters, pursuant to what has been held by our Supreme Court in the case of Francisco Pérez Fernández v. Registrar of Property of San Juan (67 P.R.R. 907); and cautionary notice for 120 days has been entered instead, at the same page and volume aforesaid. San Juan, August 4, 1949."

Did the registrar act correctly? This Court has repeatedly held that in order to record the excess in area of a property it is necessary to make a survey thereof after summoning the adjoining landowners and to establish the survey as well as the service of notice attaching to the deed a certificate of the surveyor to that effect; that following that procedure the excess in area may be recorded provided it is not greater than 20% of the total area of the property; and that if the excess area is greater than 20% it is necessary to resort to the supplementary remedies authorized by the Mortgage Law. *Land Authority* v. *Registrar*, 62 P.R.R. 483, 484; *Pérez* v. *Registrar*, 67 P.R.R. 907, 908; *Rodríguez* v. *Registrar*, 68 P.R.R. 552, 673; *P. R. Aqueduct Service* v. *Registrar*, 70 P.R.R. 216, 220.

Although appellant is aware of the scope of the cases cited, she requests us to reverse all of them and to restore the doctrine laid down by us in *Mattei* v. *Registrar*, 53 P.R.R. 433, where we stated at page 437 the following:

"As the appellant has a written dominion title recorded in the registry, from which a description clearly appears of the boundaries of the property and it was within such boundaries that the new survey was carried out, if from such a survey a greater area resulted than that appearing from the registry, and the difference between the recorded area and the area resulting from the new survey exceeded 20 per cent, the speediest, fairest, and most adequate procedure, sanctioned by the decisions of this court, would be to make a survey of the piece of property after summoning the adjoining property owners. If the difference were less than 20 per cent, the registrar has power to make the proper correction in the books of the registry, even though the adjoining property owners may not have been summoned. See (Citations)."

In *Pérez* v. *Registrar*, *supra*, we stated at page 908 that ". . . the foregoing statements are not supported by the cases cited therein. They have not been followed in subsequent decisions of this Court" and that "The above-quoted paragraph from the case of *Mattei* v. *Registrar*, *supra*, was *sub silentio* reversed by *Land Authority* v. *Registrar*, 62 P.R.R. 483, and *Estrada* v. *Registrar*, *supra*." We also stated that the case of *Mattei* v. *Registrar* was expressly reversed and that the doctrine laid down in the cases of Land Authority and Estrada, *supra*, was the correct one.

We have again studied the question very thoroughly and we do not see, indeed, any reason to reverse the doctrine laid down in said cases. On the contrary, we must ratify it. In support of our views, see, in addition to the cited cases, Morell, *Legislación Hipotecaria*, 1917 ed., vol. 2, where the learned author expresses himself, at page 108, as follows:

"The acquisition or legitimate possession of the excess in area must be justified with the deeds in which it appears or by the supplementary remedies established by law; *dominion or possessory title proceedings*." (Italics ours.),

as well as Barrachina, *Derecho Hipotecario y Notarial*, 1910 ed., vol. 1, p. 89, and the Decision of the Directorate of Registry of Spain of March 20, 1901, which appears published in 91 *Jurisprudencia Civil* 385, in which it was stated at page 391 that:

". . . inasmuch as the above-mentioned zone exceeds by far one-fifth the total area which appears recorded in the registry: . . . . : . . . . This General Directorate has decided that record should be denied . . . until the deeds of acquisition of said land or the supplementary one, according to title 14 of the Mortgage Law, are recorded in the name of the vendors, . . ."

Similarly as in our statute, Title 14 of the Spanish Mortgage Laws deals with possessory and dominion title proceedings.

■ In contending that the doctrine laid down by us in the cases of Pérez and Rodríguez, *supra*, should be reversed, the appellant asks us: "Where or in what particular place of appellant's property, is the total of said excess which was partly recorded and partly denied by the Registrar, located or may be located, after the survey is made?" and "How many thousands of parcels having an area of 257.62 square meters (excess in the property) could be formed within appellant's property, which according to the Registry has an area of 465.33 square meters?"

In answering these questions we shall start by saying that the unrecorded excess in area does not consist of 257.62 square meters but only of 164.56 square meters, inasmuch as according to our decisions the registrar very properly recorded, as a result of the survey made and of the documents presented to him, the 20 per cent excess in area of the remaining portion of the property.[1] The area in excess of that 20 per cent may be recorded, as repeatedly held by us, by resort-

---

[1] The remaining portion of the property has an area of 465.33 square meters. The 20 per cent of that remaining portion is equal to 93.06 square meters. The entire area recorded is 558.39 square meters, that is the sum of both figures. Inasmuch as when the property was surveyed it resulted to have an area of 722.95 square meters, the unrecorded difference is 164.56 square meters.

ing to the supplementary remedies authorized by the Mortgage Law. These supplementary remedies are no others than the possessory or dominion title proceedings.

In cases of this sort the proper procedure would be that if the owner of the property which from a survey appears to have an area in excess of 20% has only the possession recorded in his favor, he should prosecute a possessory title proceeding to record such excess; and if he has the dominion recorded, he should prosecute a dominion title proceeding. In either case it shall not be necessary to set forth in the petition the boundaries of the excess in area, but after stating therein that he owns or is in possession of the property, giving its boundaries, it should be alleged that upon making a survey of the property with the summoning of the adjoining landowners, it appeared to have an area in excess of 20%; that the excess up to 20% has been duly recorded; that the proceeding is prosecuted for the sole purpose of recording the possession or ownership, whatever the case may be, of the excess in area of more than 20%; and that once the proceeding is approved and the corresponding correction made, the area of the property shall be such and such and its boundaries shall be those appearing in the recorded property. The adjoining landowners to be summoned shall be those of that property. The allegation that the appellant pays taxes as owner, would be the truth, although of course, the question of whether or not the Treasurer may determine a higher assessment on the property after the correction in the area has been made, is one not now under our consideration.

The registrar's note will be affirmed.